UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J. CHANCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant.<br><br>AND RELATED CROSS ACTION | Case No.: 1:15-cv-01889 --- JLT<br><br>ORDER GRANTING THE MOTION TO APPOINT LESLIE J. CHANCE AS GUARDIAN AD LITEM FOR SA.C. AND S.C.<br><br>(Docs. 14, 15) |

On February 3, 2016, Leslie J. Chance filed her applications to be appointed the guardian ad litem from the children, Sa.C. and S.C. (Docs. 14, 15)  Because the Court finds Ms. Chance to be an appropriate guardian ad litem, the petition is **GRANTED**.

**I.     Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

1

Here, the children reside in California (Doc. 14 at 1; Doc 15 at 1) and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit only if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the child's interests. Cal. Code Civ. P. § 372(a).

## II.     Discussion and Analysis

Here, Sa.C. is a 15-year-old (Doc. 14 at 1) and S.C. is a 15-year-old. (Doc. 15 at 1) Thus, under California law, they are considered minors. *See* Cal. Fam. Code § 6502. As minors, their ability to bring pursue this action is contingent upon the appointment of a guardian ad litem. In determining whether to appoint a particular guardian ad litem, the court must consider whether the child and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Though Ms. Chance initiated this action, she now waives any claim on the insurance policy proceeds in favor of her three children. (Doc. 14 at 1; Doc. 15 at 1) *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem"). Thus, it does not appear there are adverse interests between the child and her proposed guardian ad litem.

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear the proposed guardian has conflicting interests, and as such she may be appointed to represent the interests of the children. Therefore, the Court is acting within its discretion to grant the

application.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motions for appointment of Leslie J. Chance as guardian ad litem for Sa.C. (Doc. 14) and S.C. (Doc. 15) are **GRANTED**;
2. Leslie J. Chance is appointed to act as guardian ad litem Sa.C. and S.C., and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated:   **February 4, 2016**                  **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE