1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LESLIE J. CHANCE, | No.  1:15-cv-01889-DAD-JLT |
| 12                    Plaintiff, | |
| 13         v. | ORDER GRANTING JOINT MOTION TO APPROVE MINORS' SETTLEMENT |
| 14  PRUDENTIAL INSURANCE COMPANY OF AMERICA, | (Doc. Nos. 24) |
| 15                    Defendant. | |
| 16 | |
| 17  AND ALL RELATED ACTIONS | |
| 18 | |

19        Before the court is the parties' joint motion to approve a compromise of the minors'

20   claims in this action.  (Doc. No. 24.)  A hearing on the motion was held June 21, 2016.  Attorney

21   Craig A. Edmonston appeared with and on behalf of plaintiff and counter-defendant Leslie J.

22   Chance, third-party defendant Jessica Lopez (also known as Jessica Bullman), and third-party

23   defendants S.D.C. and S.N.C.  Attorney Rebecca Tana Green appeared on behalf of defendant

24   and third-party plaintiff Prudential Insurance Company of America.

25        Having considered the parties' requests and heard oral argument, and for the reasons set

26   forth below, the court grants the motion to approve the minors' compromise.

27   /////

28   /////

1

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant Prudential Insurance Company of America ("Prudential") issued a group life insurance policy, Group Policy No. G-46581-OR, to Con-way, Inc.  The life insurance policy provided a benefit in the amount of $84,000.00 to decedent Todd Chance.  (*See* Doc. No. 8 at 7, Ex. A.)

On August 25, 2013, Todd Chance died as a result of multiple gunshot wounds.  At the time of his death, Todd Chance had not designated a beneficiary to receive the proceeds from his death benefit.  The beneficiary rules provision of the life insurance policy provides that benefits are payable to the designated beneficiary.  If there is no designated beneficiary, the benefits are payable to the first of the following: "(a) surviving spouse or Registered Domestic Partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (*See* Doc. No. 8, Ex. A at 32.)   At the time of his death, Todd Chance was married to plaintiff Leslie J. Chance, and had three surviving children: Jessica Lopez, a/k/a Jessica Bullman (currently age 26), S.D.C. (currently age 17), and S.N.C. (currently age 15).[2]

On September 30, 2013, plaintiff submitted a claim to the death benefit as Todd Chance's surviving spouse.  On November 20, 2013, and again on January 12, 2015, the Kern County Sheriff's Office advised Prudential that plaintiff was a suspect in Todd Chance's death.  She denies any involvement in the death, and no charges have been filed.  Because California law prohibits payment of a life insurance benefit to a beneficiary who feloniously and intentionally kills the person upon whose life the policy is issued, see Cal. Prob. Code § 252, 254, there existed a dispute as to whether the benefits provided to Todd Chance are payable to plaintiff Leslie Chance (i.e., his surviving spouse) or instead to his three surviving children.

On August 25, 2015, plaintiff Leslie Chance commenced this action for breach of contract and declaratory relief, in Kern County Superior Court.  (*See* Doc. No. 1-1.)  On December 18, 2015, defendant Prudential removed this action from state court.  (Doc. No. 1.)  On December 28,

---

[1] The facts described herein have been submitted as part of the parties' joint motion.

[2] S.D.C. reached the age of majority on June 25, 2016.  S.N.C. will reach the age of majority on July 12, 2018.

2

1   2015, defendant filed an answer to the complaint and a third-party complaint against Todd

2   Chance's three children.  (Doc. No. 8.)  On February 4, 2016, the court appointed Leslie J.

3   Chance as guardian ad litem to Todd Chance's two surviving minor children, S.D.C. and S.N.C.

4   (Doc. No. 16.)  On April 27, 2016, the parties filed a notice of joint settlement.  (Doc. No. 22.)

5   On May 2, 2016, the parties filed the instant motion to approve a compromise of the minors'

6   claims in this action.  (Doc. No. 24.)

7       The terms of the settlement agreement are outlined in the instant joint motion (Doc. No.

8   24 ¶¶ 16–30) and embodied in the accompanying proposed order submitted by the parties (Doc.

9   No. 24-5).[3]  Pursuant to the settlement agreement, the parties agree that no benefit other than the

10  death benefit described herein is payable under the group life insurance policy, Group Policy No.

11  G-46581-OR.  (Doc. No. 24 ¶ 17.)  The parties agree that the death benefit (plus any applicable

12  interest) shall be payable in equal one-third shares to each of the decedent's surviving children,

13  Jessica Lopez, S.D.C., and S.N.C.  Plaintiff Leslie Chance will not receive any portion of the

14  death benefit.  (*Id.* ¶ 18.)  Upon Prudential mailing the checks to each of the parties and their

15  counsel, plaintiff Chance and third-party defendants Lopez, S.D.C., and S.N.C. release any and

16  all claims each asserted or could have asserted against Prudential arising under the group life

17  insurance policy or the death benefit and are further restrained from bringing any actions or

18  proceedings against Prudential with respect to those claims.  (*Id.* ¶ 27.)

19                      **APPROVAL OF MINORS' COMPROMISE**

20      This court has a duty to protect the interests of minors participating in litigation before it.

21  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court

22  must "conduct its own inquiry to determine whether the settlement serves the best interests of the

23  minor."  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th

24  Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and

25  evaluate any compromise or settlement of a minor's claims to assure itself that the minor's

26

27  _____
    [3] The parties submit that no separate settlement agreement was prepared, executed, or
    contemplated by the parties and that the proposed order, if entered by the court, would be
28  sufficient to resolve this action.  (Doc. No. 27.)

3

1   interests are protected, even if the settlement has been recommended or negotiated by the minor's

2   parent or guardian ad litem.") (citation omitted).  In considering the fairness of a settlement of a

3   minor's claim, federal courts sitting in diversity generally are guided by state law.[4]  *See* Tashima

4   & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. &

5   9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in

6   accordance with applicable state law.  California law requires court approval of the fairness and

7   terms of the settlement.").  A settlement for a minor and attorney's fees to represent a minor must

8   be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses

9   and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob.

10  Code § 3601.  In addition, the Local Rules of this court require disclosures regarding the minors

11  involved, the nature of the controversy, the manner in which the compromise was determined,

12  and whether a conflict of interest may exist between the minor and her attorney.  *See* Local Rules

13  202(b)–(c).

14      Here, the proposed settlement agreement provides that defendant Protective will pay each

15  of Todd Chance's surviving children a one-third share of the death benefits under the life

16  insurance policy at issue.  Thus, each minor will receive an amount similar to that to which she

17  would likely be entitled as a beneficiary under the plan, in the absence of a qualified surviving

18  spouse or registered domestic partner.  Having carefully reviewed the parties' submissions, the

19  court finds that the proposed settlement is fair and reasonable.

20      In addition, the instant petition seeks an order awarding attorney's fees amounting to 25%

21  of the total recovery for each minor.  Is has been the practice in the Eastern District of California

22  to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases

23

---

24  [4] In *Robidoux*, the Ninth Circuit held that a district court's inquiry into a proposed settlement should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and

25  recovery in similar cases." 638 F.3d at 1182.  In *Robidoux*, however, the court expressly limited its holding to cases involving settlement of a minor's federal claims and declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the

26  settlement of a minor's state law claims," as is the case here. *Id.* at 1179 n.2.  Accordingly, while

27  mindful of the decision in *Robidoux,* this court will place more weight on state law considerations

28  in evaluating the proposed settlement here.

involving minors.  *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. South Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007).  The court finds the award of attorney's fees sought to be reasonable under the circumstances.

## ORDER

Accordingly, for the reasons stated above, the court grants the joint motion for minors' compromise (Doc. No. 24), and further orders the following:

1.  Defendant Prudential shall pay each of Todd Chance's surviving children a one-third share of the death benefit (an amount totaling $85,193.59.00, inclusive of applicable claim interest) under the life insurance policy at issue, in the manner described herein.

2.  Within twenty-one (21) days of (a) receiving this order and (b) receiving a W-9 form properly executed by Jessica Lopez a/k/a Jessica Bullman, Prudential shall mail to attorney Craig A. Edmonston, a check made payable to "Jessica Bullman and her attorney, Craig A. Edmonston" in the amount of $28,397.86.

3.  Within twenty-one (21) days of (a) receiving this order and (b) receiving a W-9 form properly executed by S.D.C., Prudential shall mail to attorney Craig A. Edmonston, a check made payable to S.D.C. in the amount of $21,091.90 (representing 75% of a one-third portion of the death benefit, minus $206.50 in costs).[5]

4.  Within twenty-one (21) days of receiving this order, Leslie J. Chance, the duly appointed guardian ad litem, on behalf of S.N.C., shall establish an interest-

---

[5] Because S.D.C. has reached the age of majority prior to the date of this order, Prudential may issue S.D.C. a check for her share of the death benefit directly.

bearing, federally insured blocked account at Chase Bank, located at 5277 Gosford Road, Bakersfield, CA 93313, for the benefit of S.N.C. (the "S.N.C. Restricted Account"), in accordance with the following requirements:

    a.     Money that belongs to S.N.C. shall be deposited in the S.N.C. Restricted Account;

    b.     The S.N.C. Restricted Account shall indicate the name of S.N.C. as the owner of the account;

    c.     The total amount authorized for deposit is $21,091.90.

    d.     The S.N.C. Restricted Account belongs to minor S.N.C, who was born on July 12, 2000.  No withdrawals of principal or interest shall be made from the S.N.C. Restricted Account without a written order under this case name and number, signed by a judge, until S.N.C. attains the age of 18 years. When S.N.C. attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order.  The money on deposit is not subject to escheat.

5.    Within ten (10) days of establishing the S.N.C. Restricted Account, Leslie J. Chance shall provide Prudential and attorney Craig A. Edmonston, and shall file with this court, the exact name of the account holder of the S.N.C. Restricted Account.

6.    Within twenty-one (21) days of (a) receiving this order, (b) receiving a W-9 form properly executed on behalf of S.N.C., and (c) Leslie J. Chance complying with paragraph 4 herein, Prudential shall mail a check in the amount of $21,091.90 (representing 75% of a one-third portion of the death benefit, minus $206.50 in costs), payable to "[S.N.C.], a minor" to attorney Craig A. Edmonston.

7.    Within ten (10) days of receiving Prudential's check, attorney Craig A. Edmonston is directed to deposit the amount payable to S.N.C. into the S.N.C. Restricted

6

Account, and provide confirmation of the deposit to the court and to Prudential.

8.     Within twenty-one (21) days of (a) receiving this order, (b) receiving a W-9 form properly executed by attorney Craig A. Edmonston and (c) Leslie J. Chance complying with paragraph 4, herein, Prudential shall mail to attorney Craig A. Edmonston, 2204 Truxtun Avenue, Bakersfield, CA 93301, a check made payable to "Craig A. Edmonston" in the amount of $14,611.93 (representing his 25% contingency fee on the portions of the death benefit being paid to S.D.C. and S.N.C., plus an aggregate of $413.00 in costs allocated to the minors, pursuant to certain contingency agreements by and between attorney Craig A. Edmonston and Leslie J. Chance as guardian ad litem for S.D.C. and S.N.C.).

9.     Prudential shall not pay any portion of the death benefit to Leslie J. Chance.

10.    This case is dismissed with prejudice and without costs to any party.

11.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 28, 2016**                    _____
                                              UNITED STATES DISTRICT JUDGE

7